UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,

Plaintiffs,

v.

SETON PACIFIC CONSTRUCTION,

Defendant.

Case No. 23-cv-02363-DMR   (ASK)

**ORDER RE: MOTION TO WITHDRAW AS ATTORNEY**

Re: Dkt. No. 41

Plaintiffs filed this action in May 2023 to recover alleged employee fringe benefit contributions. Dkt. 1. In December 2024, the Court dismissed this case without prejudice pursuant to the parties' stipulation but retained jurisdiction over the matter to enforce the settlement agreement. Dkt. 38. On May 20, 2026, Counsel Simon Mazzola moved to withdraw as attorney of record for Defendant Seton Pacific Construction ("the Client"). Dkt. 41. Having considered the briefing, the Court determines this matter without oral argument. *See* N.D. Cal. Civ. L. R. 7-1(b). Counsel's motion to withdraw is **DENIED** without prejudice.

Under the Northern District's Civil Local Rules, "the withdrawal of a party's sole remaining counsel is governed by Civil L.R. 11-5 and requires an order of the Court." Civil L. R. 5-1(c). Local Rule 11-5 provides:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L. R. 11-5(b). Additionally, Rule 3.1362 of the California Rules of Court requires that withdrawal motions be accompanied by a declaration that states "in general terms and without compromising the confidentiality of the attorney-client relationship why a motion under Code of Civil Procedure section 284(2) is brought instead of filing a consent under Code of Civil Procedure section 284(1)." CA ST Civil Rules, Rule 3.1362(c).

Here, Counsel seeks to withdraw without the simultaneous appearance of substitute counsel or the Client's agreement to appear pro se. Though Counsel's motion is accompanied by a declaration, that declaration merely provides the conclusory explanation that "[g]ood cause exists for withdrawal under the California Rules of Professional Conduct ('CRPC') 1.7 and 1.16." Dkt. 41 at 4 ¶ 4; *see also* CA ST RPC Rule 1.7 ("Conflict of Interest: Current Clients"); CA ST RPC Rule 1.16 ("Declining or Terminating Representation"). It is unclear whether Counsel served the Client with the withdrawal motion and accompanying declaration, as the certificate of service indicates only that the motion was served via email on Plaintiffs' counsel. Dkt. 43. On the current record, the Court has no reasonable assurances that it will be able to communicate with the Client going forward if need arises. Nor has Counsel explained why permitting withdrawal would be appropriate and workable. For these reasons, the withdrawal motion is **DENIED** without prejudice.

If Counsel wishes to file a renewed motion to withdraw, he must set forth facts sufficient to establish good cause for his withdrawal along with the following information in support of the motion:

1. Counsel shall file a supplemental declaration indicating that Counsel has: (1) spoken directly with the Client, telephonically or in person, about the case generally and the status of the proceedings, including the date of such communication or, if Client is not responsive, how Counsel has transmitted such information to the Client; (2) discussed with the Client the delivery of any legal files to the Client and other consequences of Counsel's withdrawal in this matter; and (3) informed the Client of the Client's right to contest the withdrawal.

United States District Court
Northern District of California

United States District Court
Northern District of California

2. Counsel shall also file proof of service of a notice to the Client as follows:

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

You will not have an attorney representing you.  You may wish to seek legal assistance.  If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself.  It will be your responsibility to comply with all court rules and applicable laws.  If you fail to do so, or fail to appear at hearings, action may be taken against you.  You may lose your case.

If you do not keep the Court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing your case.

3. Counsel shall file a notice with the Court of Client's current and/or last known address and telephone number.

Should Counsel fail to comply with the above requirements, the Court may deny any renewed motion to withdraw.

**IT IS SO ORDERED.**

Dated: June 17, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

3